

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**FELONY**

INDICTMENT FOR FALSE STATEMENTS TO
SMALL BUSINESS ADMINISTRATION AND MONEY LAUNDERING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 25-00165 |
| v. | * | SECTION: SECT. A MAG. 1 |
| IRVIN C. FRANCOIS, III | * | VIOLATIONS: 18 U.S.C. § 1001 |
| | | 18 U.S.C. § 1957 |

The Grand Jury charges that:

### COUNT 1
(False Statements)

**A.    AT ALL TIMES MATERIAL HEREIN:**

*The Defendant, Relevant Entity, And Relevant Account*

1.    The defendant, **IRVIN C. FRANCOIS, III** ("**FRANCOIS**"), was a resident of Orleans Parish, Louisiana, within the Eastern District of Louisiana.

2.    I & F Construction, LLC d/b/a "I and F Construction" ("I and F Construction") was a Louisiana limited liability company formed in or around July 21, 2009. I and F Construction purportedly operated as a construction business. **FRANCOIS** was the registered agent and sole beneficial owner of I and F Construction.

3. ReadyCap Lending, LLC was an online finance technology company based in New York.

### The Small Business Administration

4. The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

5. As part of its efforts, the SBA provided business loans through banks, credit unions, and other lenders. Those loans had government backed guarantees.

### The CARES Act and Paycheck Protection Program

6. The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") was a federal law enacted in or about March 2020. The CARES Act provided emergency financial assistance to the millions of Americans suffering the economic effects of the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

7. The PPP was overseen by the SBA, which had authority over all PPP loans. Individual PPP loans, however, were issued by approved private lenders, who received and processed PPP loan applications and supporting documentation and, following SBA approval, made loans using the lenders' own funds.

8. To obtain a PPP loan, a qualifying business had to submit a PPP loan application, called an SBA From 2483, signed by an authorized representative of the business. The PPP loan application required the business to acknowledge the program rules and to make affirmative certifications to be eligible for the PPP loan. For example, in the PPP loan application the business, through its authorized representative, had to state its average monthly payroll expenses and number of employees. In addition, businesses had to provide documentation showing their payroll expenses, as part of the PPP loan application process. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.

9. Businesses applying for PPP loans were required to provide documentation showing their payroll expenses and that they were in business as of February 15, 2020. Further, businesses applying for a PPP loan were required to make good faith certifications, including that economic uncertainties had necessitated their loan requests for continued business operations, and that they intended to use loan proceeds only for the authorized, and not any duplicative, purposes.

10. By electronically signing PPP loan applications, applicants attested that the information provided in the application and in all supporting documents and forms wase true and correct, and that the applicant understood that knowingly making a false statement to obtain a PPP loan was a crime.

11. Among the type of businesses eligible for a PPP loan were individuals who operated under a "sole proprietorship" business structure. In order to be eligible to receive such a PPP loan, individuals had to report and document their income and expenses from the sole proprietorship, as typically reported to the Internal Revenue Service ("IRS") on Form 1040, Schedule C, for a given year, or other similar tax document. The lending institution or loan processor used this information and documents to calculate the amount of money the individual was entitled to receive under PPP.

12. Once a qualifying business completed a PPP application, a participating lender processed the application. If a PPP loan was approved, the participating lender funded the PPP loan using its own monies, which the SBA guaranteed. In the course of processing the PPP loan, the lender electronically transmitted data from the loan application to the SBA, including information about the borrower, the total amount of the loan, and the identified number of employees.

13. At all times material herein, ReadyCap Lending, LLC was a participating lender in the PPP.

14. Proceeds from a PPP loan were legally required to be used only for certain permissible business expenses, including payroll costs, mortgage interest, rent, and utilities under the applicable PPP rules and guidance. The interest and principal on the PPP loan was eligible for forgiveness, if the business spent the loan proceeds on permissible items within a designated period of time and used a certain portion of the loan toward payroll expenses.

15. A borrower could apply for a "second draw" PPP loan by certifying that the first PPP loan had been used in accordance with the lending guidelines.

**B.    THE OFFENSE:**

On or about April 3, 2021, in the Eastern District of Louisiana and elsewhere, the defendant, **IRVIN C. FRANCOIS, III**, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the SBA, an agency within the executive branch of the United States, in that the defendant stated in his SBA Form 2483 PPP Borrower Application to ReadyCap Lending, LLC that I and F Construction had eight employees and that his monthly payroll for I and F Construction was approximately $57,916.00 as supported by an Internal Revenue Service Form 2019 Schedule C

showing gross income of approximately $695,000.00, and a false bank statement from Hancock Whitney; however in truth and in fact, the defendant knew that I and F Construction did not have a monthly payroll of $57,916.00, the submitted 2019 Form Schedule C Form was false as was the Hancock Whitney Bank statement; resulting in an SBA backed PPP loan in the amount of approximately $144,790.00 on or about April 9, 2021, in violation of Title 18, United States Code, Section 1001.

## COUNT 2
(Money Laundering)

**A.    AT ALL TIMES MATERIAL HEREIN:**

1. The allegations contained in Paragraph A of Count 1 are hereby re-alleged and incorporated as though fully set forth herein.

2. On or about March 24, 2021, **IRVIN C. FRANCOIS, III** electronically submitted a PPP loan application to ReadyCap Lending, LLC, which contained materially false statements.

3. On or about April 9, 2021, ReadyCap Lending, LLC electronically wired funds to **IRVIN C. FRANCOIS, III's** Hancock Whitney National Bank account.

4. On or about December 17, 2021, **IRVIN C. FRANCOIS, III** electronically submitted an application for loan forgiveness to the SBA, which contained materially false statements.

5. The electronic communications between **IRVIN C. FRANCOIS, III**, ReadyCap Lending, LLC, Hancock Whitney National Bank, and the SBA that the defendant used to further the scheme to defraud the SBA were transmitted in interstate commerce and passed through the Eastern District of Louisiana.

6. A specified unlawful activity as defined in Title 18, United States Code, Sections 1957(a) and 1961(1) includes wire fraud in violation of Title 18, United States Code, Section 1343.

B.      **THE OFFENSE:**

On or about April 17, 2021, in the Eastern District of Louisiana and elsewhere, defendant, **IRVIN C. FRANCOIS, III**, knowingly engaged in, and willfully caused, monetary transactions affecting interstate commerce in criminally derived property of a value greater than $10,000 that were, in fact, derived from specified unlawful activity, that is, wire fraud in the obtaining of a PPP loan on or about April 2, 2021, in violation of Title 18, United States Code, Section 1343, in that he transferred approximately $41,000.00 from I & F Construction, LLC Hancock Whitney account ending 3421, which he controlled, to a car dealership in Kenner, Louisiana to purchase a 2014 Mercedes Benz vehicle, in violation of Title 18, United States Code, Section 1957.

## NOTICE OF FORFEITURE

1.      The allegations of Counts 1 and 2 of this Indictment are incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States.

2.      As a result of the offense alleged in Count 2, the defendant, **IRVIN C. FRANCOIS, III**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

3.      If any of the above-described property, as a result of any act or omission of the defendant:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third person;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

the United States shall seek a money judgment and, pursuant to Title 21, United States Code, Section 853(p), forfeiture of any other property of the defendant up to the value of said property.



MICHAEL M. SIMPSON
ACTING UNITED STATES ATTORNEY


_____
EDWARD J. RIVERA
Assistant United States Attorney

New Orleans, Louisiana
June 20, 2025

# United States District Court

## FOR THE
## EASTERN DISTRICT OF LOUISIANA

No. _____

UNITED STATES OF AMERICA

vs.

IRVIN C. FRANCOIS, III

## INDICTMENT FOR
## FALSE STATEMENTS TO SMALL BUSINESS ADMINISTRATION AND MONEY LAUNDERING

Violation(s): 18 U.S.C. §§ 1001 & 1957

Filed _____, 20 25

_____, Clerk.

By _____, Deputy

EDWARD J. RIVERA
Assistant United States Attorney